UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KERRIE CARTER,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WASTE MANAGEMENT OF WASHINGTON, INC.,<br><br>　　　　　　　　Defendant. | CASE NO. C18-5375 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO STRIKE OR EXCLUDE EXPERTS |

This matter comes before the Court on Defendant Waste Management of Washington, Inc.'s ("Waste Management") motion to strike or exclude experts. Dkt. 14. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On March 19, 2018, Plaintiff Kerrie Carter ("Carter") filed a complaint against Waste Management in Kitsap County Superior Court for the State of Washington. Dkt. 1-1. Carter asserts one claim for violation of the Washington Law Against

Discrimination ("WLAD") based on allegations of harassment, discrimination, and retaliation. *Id.* On May 10, 2018, Waste Management removed the matter to this Court. Dkt. 1.

On the deadline for expert reports, Carter submitted two expert reports. First, Carter submitted the preliminary report of Judith Parker, M.Ed., CDMS ("Parker"), a vocational rehabilitation counselor and case manager. Dkt. 13-4. Parker's report is based on her review of Waste Management's earnings statements and tax records. *Id.* at 1. Although Parker provides an explanation of what she can accomplish in a vocational assessment, she fails to provide any opinion on Carter's lost wages because the "report is to be considered as preliminary in nature and will be supplemented with future analysis." *Id.* at 3.

Second, Carter submitted the "narrative" of Steven Randolph Cureton, Ph.D ("Cureton"). This narrative is based on a review of Carter's deposition and conversations with Carter. Dkt. 13-2 at 2. Cureton opines that Carter's "occupational tenure was disproportionately affected by practices and behaviors that are indicative of macro and micro level discrimination" and that the "result has been that [Carter] has dealt with inequitable economic disparity due primarily to discretionary racially biased practices, which is more than just unfair in that it encroaches unlawful discrimination." *Id.* at 6.

On April 24, 2019, Waste Management filed the instant motion requesting that the Court either strike or exclude the proposed expert testimony of Cureton and Parker. Dkt. 14. On May 6, 2019, Carter responded. Dkt. 17. On May 10, 2019, Waste Management replied. Dkt. 19.

## II. DISCUSSION

Waste Management moves to strike or exclude Cureton and Parker for both procedural and substantive reasons. Regarding the procedural reasons, Carter admits that he failed to comply with the disclosure requirements of Fed. R. Civ. P 26(a)(2). Dkt. 17 at 3–4. Carter provides no explanation for this failure to comply with the rules and instead attempts to correct his failures through his opposition to Waste Management's motion. *Id.* In order to overcome his failure to properly disclose his experts, Carter must establish that "the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Carter has done neither. While his response could be interpreted as an implicit argument in support of a finding of harmlessness, the Court declines to construe the argument in such a manner, especially when Carter fails to even cite the appropriate rule or standard. Thus, the Court grants Waste Management's motion on the procedural deficiencies.

Regarding the substantive reasons, Waste Management argues that Carter's experts fail to meet the basic requirements of Fed. R. Evid. 702. Dkt. 14 at 5–11. The Court agrees. While Parker appears capable of being qualified as an expert on the issue of lost wages, her report utterly fails to provide any information that would assist a juror on any relevant issue in this case. Carter admits this failure as follows: "The report provides the manner in which the calculations will be accomplished (the formula), it is just missing the data, which is in the possession of the defendant. The report will be supplemented with the data as soon as Waste Management provides the data." Dkt. 17 at

11. Carter provides no authority for the proposition that the expert disclosure deadline only requires disclosure of the expert and her formulas, which will be subsequently supplemented with data and opinions. The rule requires timely disclosure of "a complete statement of all opinions the witness will express and the basis and reasons for them" as well as "the facts or data considered by the witness in forming them." Fed. R. Civ. P. 26(2)(B). Carter failed to meet this requirement and even fails to request an extension of time to meet this requirement. As such, Carter "is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial . . . ." Fed. R. Civ. P. 37(a)(1).

Regarding Cureton's opinions, Carter fails to establish that the opinions are based on sufficient facts or data or that they will assist the trier of fact on any issue in this case. First, Cureton states that his opinion is only based on Carter's deposition and conversations with Carter. "[P]ersonal opinion testimony is inadmissible as a matter of law under Rule 702, and speculative testimony is inherently unreliable." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014) (internal citations omitted). Cureton's opinions are nothing more than his personal opinions that Carter "dealt with inequitable economic disparity" and is purely speculative as to whether Carter's supervisors discriminated against Carter.

Second, Carter has failed to establish that the "micro" and "macro" level of inequality supports a violation of the WLAD. In fact, Cureton does not even cite the WLAD in his opinion and instead cites Title VII of the Civil Rights Act of 1964 ("Title VII"). Dkt. 13-2 at 1. While the Court recognizes that Title VII and the WLAD overlap

in some respects, in other respects the standards are completely different. *See, e.g.*, *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 342 (2013). Carter fails to address this issue in his brief and otherwise fails to establish that Cureton's opinions would assist the jury in any relevant manner. Thus, Cureton shall be excluded from trial and on any subsequent motion.

## III.  ORDER

Therefore, it is hereby **ORDERED** that Waste Management's motion to strike or exclude experts, Dkt. 14, is **GRANTED**.

Dated this 17th day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge